Nihat Deniz Bayramoglu (California Bar No. 294922)
deniz@bayramoglu-legal.com
BAYRAMOGLU LAW OFFICES, LLC
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
Tel: (702) 462-5973
Fax: (702) 553-3404
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| XIANGSHAN ZHANG, an individual<br><br>Plaintiff,<br><br>v.<br><br>Vivosun INC., a California Corporation,<br><br>Defendant. | **Case No. 5:26-cv-02458**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff Xiangshan Zhang ("Zhang") hereby asserts the following claim for patent infringement against Defendant Vivosun INC. ("Vivosun"), and alleges the following:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

2. Vivosun has infringed and continues to infringe, and has induced and continues to induce, infringement of one or more claims of Zhang's U.S. Patent No. 10,633,010 B1 (the "'010 Patent") at least by importing, selling and offering to sell a collapsible wagon identified by Vivosun as the Vivosun Collapsible Folding Wagon Outdoor Utility ("Accused Product"). The '010 Patent is attached hereto as

1

**Exhibit 1**. Pictures of the accused Vivosun Wagon including their advertisments on Amazon and Vivosun.com are reproduced in **Exhibit 2** attached hereto.

3.      Zhang is the legal owner of the '010 Patent that was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). Zhang seeks injunctive relief and monetary damages.

## PARTIES

4.      Zhang is a Chinese citizen residing at Room 1005, Building 8, Jinke Tianlai Garden, No. 166 Heshan Street, Gaoxin District, Suzhou, Jiangsu, China.

5.      Vivosun is a California corporation. Its principal place of business is 2050 S. Lynx Avenue, Ontario, California 91761.

6.      Upon information and belief, Vivosun's registered agent is Mr. Roger Luo ("Luo"), who may be served with process at 2050 S. Lynx Avenue, Ontario, California 91761.

7.      Upon information and belief, Vivosun imports, develops, designs, manufactures, distributes, markets, offers to sell, and sells the Accused Product in the United States—including the Central District of California, and otherwise purposefully directs infringing activities from this District.

## JURISDICTION AND VENUE

8.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq.

9.      This Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331, 1332, 1338(a), and/or 1367.

10.      The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, excluding interest and costs, and this action is between Zhang, a citizen of the People's Republic of China, and Defendant is a United States entity and a California corporation.

11.      This Court has personal jurisdiction over Vivosun Inc. as it is a California corporation with its principal place of business in Ontario, California.

2

COMPLAINT FOR PATENT INFRINGMENT                    Case No.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Vivosun has committed infringing acts in this District and has a regular and established place of business in this District.

## BACKGROUND

13. Zhang is a well-accomplished designer and inventor of products utilizing foldable technology.

14. In 2017, Zhang began work on the product that would eventually receive United States intellectual property protections under the '010 Patent.

15. Zhang invested more than 1,000,000 RMB and at least one year of time in the development of the '010 Patented product.

16. Zhang employed his university and industry training to analyze shortcomings in folding moving tools and then verified his innovative, breakthrough design with rigorous testing methods.

17. On April 28, 2020, Zhang was issued the '010 Patent on his invention providing a transportation trailer with no extra height when folding.

18. Zhang has licensed his patent to six distributors in the U.S.A. These distributors sold products that incorporate the claimed invention of the '010 Patent mostly on Amazon.com, but also through various offline outlets.

19. In July 2022, Zhang learned of a Chinese factory manufacturing a product that it labeled with the Vivosun name that Zhang believed infringed his '010 Patent. This product was identified by Vivosun in its Amazon store as the Vivosun Heavy Duty Collapsible Folding Wagon Utility Outdoor Camping Garden Cart that Vivosun sold under at least the Amazon Standard Identification Number ("ASIN") B07SBZ2ZJ9 ("Original Infringing Product").

20. Vivosun is a vendor of various products sold on their web store https://vivosun.com/ and on Amazon.com.

21. On or about September 15, 2022, Luo contacted Zhang directly via phone and instant message. Zhang and Luo communicated via WeChat several

COMPLAINT FOR PATENT INFRINGMENT                    Case No.

times. They also met in person once. Luo was trying to settle Zhang's infringement claim for Vivosun's Original Infringing Product. They never reached agreement.

22.     During Zhang's communication with Luo, and at least as of September 15, 2022, if not earlier, Zhang gave actual knowledge of Zhang's '010 Patent and Vivosun's infringement of that patent to Luo and Vivosun.

23.     On September 22, 2022, Zhang received a notification from Amazon.com regarding his report of infringement of the '010 Patent by Vivosun for its Original Infringing Product. In the notice, Amazon.com confirms that it provided Vivosun and Luo the report of infringement for the '010 Patent for Vivosun's Original Infringing Product.

24.     On November 11, 2023, Zhang filed a complaint in this Court against Vivosun for patent infringement of his '010 for selling its Original Infringing Product, case titled *Xiangshan Zhang v. Vivosun Inc.*, Case No. 5:22-cv-01947-JAK-RAO ("Vivosun Litigation 1").

25.     In 2023, during the prosecution of Vivosun Litigation 1, Zhang learned that Vivosun had begun selling an additional modified version of a collapsible folding wagon, the Accused Product in this Complaint.

26.     Vivosun identified its additional modified version, or the Accused Product in this Complaint, on its Amazon store as the Vivosun Collapsible Folding Wagon Outdoor Utility. Upon information and belief, the ASIN Vivosun is using in connection with the Accused Product is the same ASIN as it uses in connection with its Original Infringing Product.

27.     Upon information and belief, Vivosun sold and continues to sell the Accused Product that uses the structure claimed in the '010 Patent and the design of the '063 Patent without license.

28.     During the Vivosun Litigation 1, Zhang informed Vivosun that its Accused Product infringes the claims of the '010 Patent at least as early as May 2024. Zhang filed a motion to amend his infringement contentions to add the

COMPLAINT FOR PATENT INFRINGMENT                    Case No.

modified design to the underlying suit in the Vivosun Litigation 1. The Court denied that motion to amend the infringement contentions necessitating the present suit.

29. The Accused Product sold on Amazon uses at least the following ASIN B07SBZ2ZJ9, and upon information and belief other ASINs.

30. Zhang has licensed his '010 Patent to multiple sellers in the United States and other countries.

31. Zhang's U.S. licensees compete directly with Vivosun in the United States market.

32. Vivosun's Accused Product has reduced market share for Zhang's U.S. licensees.

33. Vivosun's Accused Product also impairs Zhang's authorized U.S. licensees' ranking on Amazon.com.

34. Zhang's U.S. licensees have communicated to Zhang in writing that unless he can stop Vivosun's infringement they will no longer purchase products from him and will suspend license fee payments.

35. Vivosun's infringement has and will continue to irreparably damage Zhang's goodwill with his licensees and his business.

36. Zhang has undertaken obligations to his U.S. licensees providing that he must defend and enforce the '010 Patent against infringers and otherwise protect market share and interests of his U.S. licensees. Vivosun's infringement therefore has exposed Zhang to litigation and claims against him by U.S. licensees, which constitutes irreparable harm.

37. Vivosun's infringement will irreparably harm Zhang's brand and his ability to continue to license the '010Patent

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,633,010 B1**

38. Zhang incorporates by reference and realleges complaint ¶¶ 1-37 as if fully set out herein.

COMPLAINT FOR PATENT INFRINGMENT                    Case No.

39.   Zhang is the owner of all right, title and interest in the '010 Patent, including standing to sue and recover for all past, present, and future damages for infringement of the '010 Patent.

40.   Upon information and belief, Vivosun, either alone or in conjunction with others, has infringed and continues to infringe, contribute to infringement, and/or induce infringement of the '010 Patent by making, using, selling, and/or offering to sell the Accused Product, which infringes one or more claims of the '010 Patent, including, but not limited to independent claims 1.

41.   Vivosun's Accused Product also infringes one or more dependent claims of the '010 Patent as shall be set forth more particularly in its infringement contentions as may be supplemented from time-to-time.

42.   Although the Accused Product infringes claims 1-8 and 10 of the '010 Patent, Zhang more specifically pleads that all elements of Claim 1 of the '010 Patent are found in the Accused Product either literally or under the doctrine of equivalents. Zhang retains the right to amend his infringement contentions and claim construction as necessary in this case. By way of example and not as a limitation, an exemplary infringement claim chart is attached hereto as **Exhibit 3**.

43.   By way of example and not as a limitation, Vivosun's Accused Product includes each and every element of the '010 Patent's claim 1 by including:

A trailer with no extra height when folding, comprising fixed standpipes arranged at a front and rear end of the trailer, and front and rear folding components, side folding components, bottom folding components and handle components connected to the fixed standpipes;

wherein a top-corner fixed piece is fixed on the fixed standpipes, and slidably connected with a first linkage sliding sleeve; the front and rear folding components comprise at least two hinged front and rear X components, the front and rear X components are formed by two cross pipes which are crosswise hinged together by an articulated shaft, the

COMPLAINT FOR PATENT INFRINGMENT                    Case No.

ends of the cross pipes are hinged with the top-corner fixed piece or the first linkage sliding sleeve;

wherein the side folding components comprise two side folding shelves and a folding driving pipe, the side folding shelf comprises a side cross short pipe, a side cross long pipe and a horizontal connecting pipe, the side cross short pipe and the side cross long pipe are crosswise hinged by articulated shaft; one end of the folding driving pipes is hinged with two said horizontal connecting pipes, and the other end thereof is hinged with ends of two said side cross long pipes; the other end of the side cross long pipe is hinged with the top-corner fixed piece, one end of the side cross short pipe is hinged with the first linkage sliding sleeve and the other end thereof is hinged with one end of the horizontal connecting pipe; the bottom folding components comprise two bottom X components, the bottom X components are formed by one end of four bottom connecting pipes being simultaneously hinged with one same bottom connecting piece; the other end of the bottom connecting pipe is hinged with a second linkage sliding sleeve slidably connected with the folding driving pipe or a bottom-corner fixed piece fixedly connected to the fixed standpipes.

44.    Vivosun has long had knowledge of the '010 Patent since at least as early as September 2022.

45.    However, to the extent actual notice is in dispute, Vivosun had actual notice of the '010 Patent as early as notice of the complaint being filed in Vivosun Litation 1, and that the Accused Product Infringes the '010 Patent at least as early as May 2024.

46.    Therefore, Vivosun has infringed because it knew, or should have known, that its acts would cause patent infringement.

7

COMPLAINT FOR PATENT INFRINGMENT                    Case No.

47.    Vivosun has knowledge of the '010 Patent and is infringing despite such knowledge. The infringement has been and continues to be willful and deliberate.

48.    Vivosun's acts of infringement have damaged Zhang, and Zhang is entitled to recover from Vivosun the damages sustained as a result of Vivosun's wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty.

49.    Vivosun's infringing activities have injured and will continue to injure Zhang unless and until this Court enters an injunction prohibiting further infringement of the '010 Patent.

50.    Based on the allegations above, this is an exceptional case, which warrants an award of attorneys' fees to Zhang pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Zhang prays for judgment against Vivosun as follows:

A.    That Vivosun has infringed, and unless enjoined, will continue to infringe the '010 Patent;

B.    That Vivosun has willfully infringed the '010 Patent;

C.    That Vivosun pay Zhang damages adequate to compensate Zhang for Vivosun's infringement of the '010 Patent, together with interest and costs under 35 U.S.C. § 284;

D.    That Vivosun be ordered to pay prejudgment and post judgment interest on the damages assessed;

E.    That Vivosun pay Zhang enhanced damages pursuant to 35 U.S.C. § 284;

F.    That Vivosun be ordered to pay supplemental damages to Zhang, including interest, with an accounting, as appropriate;

G.    That Vivosun be enjoined from infringing the '010 Patent, or if its infringement is not enjoined, that Vivosun be ordered to pay ongoing royalties to Zhang for any post-judgment infringement of the '010 Patent.

8

COMPLAINT FOR PATENT INFRINGMENT                          Case No.

H.     That this is an exceptional case under 35 U.S.C. § 285, and that Vivosun pay Zhang's attorneys' fees and costs in this action; and

I.     That Zhang be awarded such other and further relief as this Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Pursuant to FED. R. CIV. P. 38(b), Zhang hereby demands a trial by jury on all issues so triable.

Dated this 8th day of May 2026.

Respectfully submitted,

/s/ *Nihat Deniz Bayramoglu*
Nihat Deniz Bayramoglu (California Bar No. 294922)
**Bayramoglu Law Offices, LLC**
1540 West Warm Springs Road Ste. 100
Henderson, NV 89014
Tel: (702) 462-5973 | Fax: (702)553-3404
deniz@bayramoglu-legal.com

*Attorneys for Plaintiff*

9
COMPLAINT FOR PATENT INFRINGMENT                    Case No.

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May 2026, I electronically filed the foregoing with the Court using the CM/ECF system and thereby delivered the foregoing by electronic means to all counsel of record.


By:    */s/ Nihat Deniz Bayramoglu*
         Nihat Deniz Bayramoglu
         Bayramoglu Law Offices LLC

COMPLAINT FOR PATENT INFRINGMENT                    Case No.